RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11/6/06
BY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ENERGY MANAGEMENT CORPORATION

versus

CITY OF SHREVEPORT

CIVIL ACTION NO. 97-2408
JUDGE TOM STAGG

## MEMORANDUM RULING

This matter comes before the court on a second remand from United States Court of Appeals for the Fifth Circuit. In the first remand, the Fifth Circuit stated:

> In summary, we conclude that the City of Shreveport's Ordinance 221 is preempted by state law and is invalid to the extent that it purports to prohibit the drilling of oil and gas wells in an area within the state of Louisiana, an authority granted exclusively by the state statute and regulations to the Louisiana Office of Conservation. . . . We remand for entry of declaratory judgment declaring that Ordinance 221 is invalid to the extent stated above and for consideration of any further relief to which [Energy Management Corporation] may be entitled.

Record Document 128 at 14.

Thereafter, following what this court believed was the directive of the Fifth Circuit opinion and quoting from the language above, this court entered a judgment

stating: "Ordinance 221 is hereby **DECLARED** invalid to the extent that it purports to prohibit the drilling of oil and gas wells in an area within the state of Louisiana." Record Document 133. The matter returns to this court once again, with the Fifth Circuit remanding the case "for entry of declaratory judgment language in accordance with the prior panel's expressed intent that Ordinance 221 be preempted in its entirety," asserting that this court did "not track the language of the prior panel." Record Document 139 at __. Accordingly, the court will issue an amended judgment stating that Ordinance 221 is preempted in its entirety by state law.

In addition, the Fifth Circuit also remanded the "issue of allocation of costs" for further consideration. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." A court must view the case as a whole to determine who is a prevailing party for the purposes of Rule 54. See Studiengesellschaft Kohle v. Eastman Kodak Co., 713 F.2d 128, 131 (5th Cir. 1983). "A party need not prevail on all issues to justify an award of costs." Id. After reviewing the issue, the court finds that Energy Management Corporation ("EMC") is entitled to costs pursuant to Rule 54(d) as a prevailing party, due to the fact that it did prevail on the declaratory judgment language.[1] Therefore, EMC may

---

[1] However, to be clear, EMC is **not** a prevailing party with regard to attorneys' fees, as concluded by both this court and the Fifth Circuit in its most recent opinion.

2

file a motion for costs for the clerk to determine the appropriate amount.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 6th day of November, 2006.

_____
JUDGE TOM STAGG